**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAMUN BIN AZAM,

  Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

  Respondent.

Nos. 07-70431
    07-71546

Agency No. A071-502-600

MEMORANDUM[*]

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

  In these consolidated petitions for review, Mamun Bin Azam, a native and

citizen of Bangladesh, petitions for review of the Board of Immigration Appeals'

("BIA")  orders dismissing his appeal from an immigration judge's ("IJ") decision

---

  [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and denying his motion to reopen based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002). We review for abuse of discretion the denial of a motion to reopen and review de novo questions of law, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review in No. 07-70431, and we grant the petition for review in No. 07-71546.

Substantial evidence supports the IJ's adverse credibility determination based on the discrepancies between Azam's documentary evidence and his testimony regarding his membership activities, on whose behalf he campaigned, and when he was attacked. *See Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir. 2007) (discrepancies between petitioner's testimony, declaration and letter of membership substantially support adverse credibility finding). Because at least one of the identified grounds underlying the IJ's adverse credibility finding is supported by substantial evidence and goes to the heart of the claim of persecution, we are bound to accept the negative credibility finding. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004). In the absence of credible testimony, Azam's

07-70431

asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Azam's CAT claim is based on the same testimony the IJ found not credible, and he points to no other evidence the IJ should have considered, substantial evidence supports the IJ's denial of protection under CAT. *See id.* at 1156-57.

Azam supported his motion to reopen with an affidavit in which he averred that his former counsel never discussed cancellation of removal with him, or filed an application on his behalf despite the IJ's repeated admonition that Azam appeared to be eligible for that form of relief. *See Castillo-Perez v. INS*, 212 F.3d 518, 526 (9th Cir. 2000) (counsel's failure to file an application for relief results in ineffective assistance of counsel). The BIA abused its discretion in denying Azam's motion to reopen, where it failed to accept the facts in his affidavit as true and it engaged in speculation as to counsel's motives for not filing the application. *Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005) (facts presented in affidavits must be accepted as true unless inherently unbelievable).

No. 07-70431:     **PETITION FOR REVIEW DENIED.**

No. 07-71546:     **PETITION FOR REVIEW GRANTED.**